IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL PENNINGTON, | HONORABLE JEROME B. SIMANDLE |
| Petitioner, | |
| v. | Civil Action No. 13-2692 (JBS) |
| C. RAY HUGHES, et al., | |
| Respondents. | **OPINION** |

APPEARANCES:

Michael Pennington, Petitioner pro se
793395B-604293
Talbot House
100-140 Lincoln Highway
Kearney, New Jersey 07032

Nancy P. Scharff, Esq.
Camden County Prosecutor's Office
Motions and Appeals Unit
Camden County Prosecutor's Office
25 North Fifth Street
Camden, NJ 08102-1231
    Attorney for Respondent C. Ray Hughes

**SIMANDLE, Chief Judge:**

**I.    INTRODUCTION**

    Michael Pennington has submitted a petition for a writ of
habeas corpus pursuant to 28 U.S.C. § 2254. Petition, Docket
Entry 1. Respondent C. Ray Hughes opposes the petition and
asserts that several grounds raised by Petitioner are
procedurally defaulted. Answer, Docket Entry 18. For the reasons

stated herein, the petition shall be denied and no certificate of appealability shall issue.

## II.   BACKGROUND

The facts of this case were recounted below and this Court, affording the state court's factual determinations the appropriate deference, 28 U.S.C. § 2254(e)(1), reproduces the recitation of the facts as set forth by the New Jersey Superior Court Appellate Division in its opinion denying Petitioner's post-conviction relief ("PCR") appeal:

> Defendant was charged with first-degree armed robbery, contrary to N.J.S.A. 2C:15-1 (count one); and second-degree armed robbery, contrary to N.J.S.A. 2C:15-1 (count two). On December 19, 2007, defendant pled guilty to first-degree armed robbery, as charged in count one. The State agreed to dismiss the other count, as well as the two underlying warrants.
>
> The plea agreement provided that the State would recommend a ten-year sentence, with a period of parole ineligibility as prescribed by the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. The plea agreement also provided that defendant reserved the right to ask the court to sentence him as a second-degree offender.
>
> At the December 19, 2007 plea hearing, defendant admitted that, on December 2, 2006, he entered the Commerce Bank branch in Camden, jumped over the counter, and gestured as if he had a knife or other weapon that would put someone in fear. Defendant acknowledged he took cash from the bank and ran out the door.
>
> Defendant was sentenced on February 1, 2008. The trial court found aggravating factors three, N.J.S.A. 2C:44-1(a)(3) (risk that defendant will commit another offense); six, N.J.S.A. 2C:44-1(a)(6) (extent of defendant's prior criminal record and the seriousness of the offenses of which he has been convicted); and nine, N.J.S.A. 2C:44-1(a)(9) (need to deter defendant and

others from violating the law). The court found no
mitigating factors. The court dismissed count two of the
indictment and sentenced defendant to a ten-year term of
incarceration, with a period of parole ineligibility, as
prescribed by NERA. The court also imposed applicable
penalties and assessments.

*State v. Pennington*, No. A-3311-10, 2012 WL 3192690, at *1 (N.J.

Super. Ct. App. Div. Aug. 8, 2012); Re 18.[1]

Petitioner appealed to the Appellate Division, and the

matter was scheduled to be heard on the Excessive Sentencing

Calendar as the only issue raised on appeal was the length of

the sentence. *See* N.J. Ct. R. 2:9-11. Prior to oral argument,

however, appellate counsel submitted a letter brief indicating

Petitioner also intended "to argue that his guilty plea should

be vacated because he did not provide an adequate factual basis

to establish the charged offense of first-degree robbery."

Appellate Letter Brief, Re 6 at 1. Counsel stated: "Mr.

Pennington admitted that he climbed over the counter at a bank

and took some cash. He was unarmed and no one was injured, and

he maintains that he neither used force nor threatened anyone."

*Id.* The brief further indicated that Petitioner would also be

asserting that the plea should be vacated "because the trial

court did not explain the unique penal consequences associated

---

[1] Re refers to the exhibits to Respondent's Answer, Docket Entry
18.

3

with a five-year post-release parole term under the No Early Release Act." *Id.* at 2.

Oral argument took place on March 3, 2009. 3T. At that time, Petitioner asserted trial counsel had "coerced" him into stating that he had made a threatening gesture during the robbery and that the video surveillance camera would support his argument that he did not in fact make a gesture during the robbery. 3T132:6 to 133:9. On March 4, 2009, the Appellate Division affirmed the judgment of the trial court, stating that "the sentence is not manifestly excessive or unduly punitive and does not constitute an abuse of discretion." Order, *State v. Pennington*, No. A-004947-07 (N.J. Sup. Ct. App. Div. Mar. 4, 2009); Re 7. Petitioner moved for clarification of the order, and the Appellate Division granted the motion and stated: "After oral argument on March 3, 2009, the Court considered all of the issues raised by defendant and found them to be lacking in merit. We are satisfied from the plea colloquy that he gave a sufficient factual basis for the first degree charge." Order Granting Motion for Clarification, *State v. Pennington*, No. A-004947-07 (N.J. Sup. Ct. App. Div. Apr. 2, 2009); Re 8.

Petitioner filed a petition for certification from the New Jersey Supreme Court on May 6, 2009, arguing that "the bank's surveillance tape bears out his claim that he was unarmed and is guilty of no more than second-degree robbery . . . ." Letter .

Petition for Certification, Re 9 at 1-2. He also asserted the trial court failed to adequately explain the NERA consequences of his plea and failed to find mitigating factors during sentencing. *Id.* at 2. The Supreme Court denied certification on June 19, 2009. *State v. Pennington*, 973 A.2d 946 (N.J. 2009); Re 10.

Petitioner filed a timely pro se PCR petition on November 9, 2009. Pro Se Petition, Re 11. Petitioner raised five issues for the PCR court's review: (1) "first-degree charge"; (2) "N.E.R.A. 85% sentence"; (3) "Factual basis at plea"; (4) "new evidence video tape of crime"; and (5) "ineffective assistance of counsel." *Id.* ¶ 8. Appointed counsel later submitted a supplementary brief expanding on Petitioner's ineffective assistance of counsel argument, specifically arguing that trial counsel was ineffective for failing to investigate and raise mitigating factors at sentencing. PCR Brief, Re 12 at 13-28. Counsel incorporated Petitioner's other arguments without further explanation. *Id.* at 29. The State responded and argued that Petitioner's claims were procedurally barred as the challenges to the length of the sentence and factual basis had been adjudicated on direct appeal. State's PCR Response, Re 13.

Oral argument on the petition was held on October 15, 2010. 4T. The PCR court concluded that the ineffective assistance of counsel claim was in reality an excessive sentence claim that

was not cognizable in a PCR petition and was barred under New Jersey Court Rule 3:22-5 since Petition had already raised an excessive sentencing claim on direct appeal. 4T:12:7-25. In the alternative, the court found that Petitioner had not established a prima facie case of ineffective assistance of counsel. 4T13:1-10. The court further held that the other claims raised in Petitioner's pro se PCR petition were procedurally barred "because they were raised on appeal and rejected by the Appellate Division." 4T23:17-19. It further noted the Petitioner had not established a prima facie case on these arguments either, 4T24:1-4, and that the alleged "new evidence" was not new as appellate counsel had referenced the video during oral argument, 4T28:4-6. The PCR petition was denied without an evidentiary hearing.

Petitioner filed an appeal raising the following argument:

POINT ONE

The trial court erred in denying the Defendant's petition for post conviction relief without affording him an evidentiary hearing to determine whether his trial counsel was ineffective.

    A. The prevailing legal principles regarding claims of ineffective assistance of counsel, evidentiary hearings and petitions for post conviction relief.

    B. The time bar of R. 3:22-4 concerning the opportunity to raise certain issues previously does not apply to Defendant's case.

      C. Trial counsel was ineffective for failing to adequately investigate mitigating factors that should have been raised during Defendant's sentence hearing.

PCR Appeal Brief, Re 16 at 2. The Appellate Division analyzed the ineffective assistance of counsel claim under *Strickland v. Washington*, 466 U.S. 668 (1984), and concluded Petitioner had not set forth a prima facie case of ineffective assistance of counsel. *State v. Pennington*, No. A-3311-10, 2012 WL 3192690, at *4 (N.J. Super. Ct. App. Div. Aug. 8, 2012). It did not consider whether the PCR court correctly dismissed the other claims as barred by Rule 3:22-5. *Id.* The New Jersey Supreme Court denied certification on March 13, 2013. *State v. Pennington*, 63 A.3d 227 (N.J. 2013).

Petitioner filed this timely § 2254 petition on April 26, 2013. Petition, Docket Entry 1. By Order dated August 1, 2013, the Honorable Robert B. Kugler, D.N.J., informed Petitioner of his rights under *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), and ordered him to advise the Court as to how he wished to proceed.[2] *Mason* Order, Docket Entry 6. Petitioner acknowledged receipt of the order and elected to "proceed with the one all-inclusive Petition." *Mason* Response, Docket Entry 7. Respondents

---

[2] The matter was reassigned to the undersigned on November 20, 2013.

7

filed their answer to the petition on February 28, 2014, Docket Entry 18. Petitioner did not submit a traverse.

## III. STANDARD OF REVIEW

Title 28 U.S.C. § 2254 permits a federal court to entertain a petition for writ of habeas custody on behalf of a person in state custody, pursuant to the judgment of a state court, "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

With respect to any claim adjudicated on the merits by a state court, the writ shall not issue unless the adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is "contrary to" Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or "if the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] Court and nevertheless arrives at a result different from [the Court's] precedent." *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000).

8

"[A] state-court decision is an unreasonable application of clearly established [Supreme Court] precedent if it correctly identifies the governing legal rule but applies that rule unreasonably to the facts of a particular prisoner's case." *White v. Woodall*, 134 S. Ct. 1697, 1706, *reh'g denied*, 134 S. Ct. 2835 (2014). The Court must presume that the state court's factual findings are correct unless Petitioner has rebutted the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## IV. ANALYSIS

Petitioner seems to only raise one ground for relief in the petition itself: "On appeal, Defendant challenged his guilty plea and his sentence. Defendant maintains that the bank's surveillance tape bears out his claim that he was unarmed and is not guilty of first degree robbery." Petition ¶ 12. He states:

> The Defendant plead guilty to first degree robbery stating that he jumped over the counter at a bank and took cash from a teller's drawer. Defendant told the court at the plea, he was unarmed. He insists he did not try to simulate a weapon. He just jumped over the counter and grabbed the money, and that these actions did not support the bases [sic] for first degree robbery.

*Id.* In a supplement attached to the petition, however, he appears to incorporate the claims raised in his PCR petition. Supplement at 1-2 ("All of these issues were thus raised under what is called in this writ's petition as grounds one."). As pro se petitions must be construed liberally, the Court will

9

consider the petition to have incorporated all of the points raised in his pro se PCR petition. Respondent argues Petitioner has procedurally defaulted on his arguments. Alternatively, Respondent argues Petitioner has not met the standard for relief under § 2254.

## A. Validity of Plea

Petitioner asserts his plea should be vacated because he did not provide an adequate factual basis for first-degree robbery, he was coerced into pleading guilty, and the trial court did not adequately advised him of the NERA consequences of his plea.

### 1. Factual Basis

Petitioner asserts that the factual basis provided at the plea hearing does not meet the standards for first-degree robbery and that he is only guilty of second-degree robbery.[3]

To the extent Petitioner argues the factual basis provided is insufficient to meet the elements of first-degree robbery under New Jersey law, that claim is not redressable in federal habeas review. "Claims based on errors of state law are not cognizable on federal habeas review, and federal courts cannot re-examine state court determinations on state law issues." *Johnson v. Hines*, 83 F. Supp. 3d 554, 560 (D. Del. 2015) (citing

---

[3] This claim was exhausted on direct appeal.

*Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Riley v. Taylor*, 277 F.3d 261, 310 n.8 (3d Cir. 2001)). *See also Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law." (internal quotation marks omitted)). The Appellate Division indicated in its order that it was satisfied "from the plea colloquy that he gave a sufficient factual basis for the first degree charge." Order Granting Motion for Clarification, *State v. Pennington*, No. A-004947-07 (N.J. Sup. Ct. App. Div. Apr. 2, 2009). The Court has no authority to review that determination of state law in federal habeas review, and Petitioner is not entitled to habeas relief on this basis.

### 2. Involuntary Plea

To the extent Petitioner argues his plea was involuntary, he has procedurally defaulted on this claim. As such, the Court may not review the merits of this argument unless Petitioner can establish cause and prejudice or that a miscarriage of justice would result. *Coleman v. Thompson*, 501 U.S. 722, 746-47 (1991).

"A federal court will not grant a state prisoner's petition for a writ of habeas corpus unless available state-court remedies on the federal constitutional claim have been exhausted. The exhaustion requirement is satisfied only if the petitioner can show that he fairly presented the federal claim

11

at each level of the established state-court system for review." Holloway v. Horn, 355 F.3d 707, 714 (3d Cir. 2004) (internal citations omitted). "To 'fairly present' a claim, a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999).

On his direct appeal, Petitioner only argued that his guilty plea was insufficient to meet the requirements of first-degree robbery as a matter of state law. *See* Appellate Brief, Re 6 at 1 ("Mr. Pennington admitted that he climbed over the counter at a bank and took some cash. He was unarmed and no one was injured, and he maintains that he neither used force nor threatened anyone."); Petition for Certification at 1 ("the bank's surveillance tape bears out his claim that he was unarmed and is guilty of no more than second-degree robbery . . . ."). He did not ask the state courts to assess the voluntariness of the plea under a due process standard.

The voluntariness issue was arguably raised in his PCR proceedings, *see* PCR Appellate Brief at 42,[4] but it is clear that

---

[4] The PCR court interpreted this argument as being another attack on the factual basis of the plea and held that it was barred under state law as it had been addressed on direct review. 4T14:6-23. The Appellate Division did not consider whether the procedural bar applied. *State v. Pennington*, No. A-3311-10, 2012 WL 3192690, at *4 (N.J. Super. Ct. App. Div. Aug. 8, 2012).

he did not raise this claim in his petition for certification to the New Jersey Supreme Court. *See* PCR Petition for Certification, Re 20. In that petition, the state supreme court was only asked to address whether "trial counsel was ineffective in failing to adequately investigate mitigating factors that should have been raised during Defendant's sentence hearing." *Id.* at 4. The court was not asked to assess the voluntariness of the plea itself. The analysis required in an ineffective assistance of counsel claim is entirely different from a due process voluntariness claim; therefore, it cannot be said that Petitioner fairly presented the issue of the plea's voluntariness to each level of the state courts.

As Petitioner did not exhaust this claim and he cannot return to the state courts to exhaust it now,[5] "the exhaustion requirement is satisfied because there is an absence of available State corrective process." *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000) (internal citations and quotation marks omitted). "Even so, this does not mean that a federal court may, without more, proceed to the merits. Rather, claims deemed exhausted because of a state procedural bar are procedurally defaulted, and federal courts may not consider their merits unless the petitioner 'establishes "cause and prejudice" or a

---

[5] *See* N.J. Ct. R. 3:22-4, 3:22-12(a)(2),(c).

13

"fundamental miscarriage of justice" to excuse the default.'"
*Id.* (quoting *McCandless*, 172 F.3d at 260). Nothing in the
petition establishes cause and prejudice or a miscarriage of
justice. The Court therefore may not consider the merits of this
claim.

Even if the Court were to review the merits, Petitioner
would not be entitled to relief. Petitioner argues that trial
counsel "pressured" him to "admit that [he] made a 'threatening
gesture' towards a bank teller during the robbery." PCR Appeal
Brief at 42. "Specifically during the off-the-record conference
I had with [trial counsel] during my plea I was advised by my
attorney that I had to admit to making this gesture or risk
facing a significantly greater prison sentence." *Id.* However, a
guilty plea is not "coerced" whenever it is "motivated by the
defendant's desire to accept the certainty or probability of a
lesser penalty rather than face a wider range of possibilities
extending from acquittal to conviction and a higher penalty
authorized by law for the crime charged." *Brady v. United
States*, 397 U.S. 742, 751 (1970). Thus, even if his allegation
is assumed to be true for sake of argument, this does not rise
to the level of a coerced guilty plea, and no evidentiary
hearing is necessary to resolve any material factual dispute.
Petitioner is therefore not entitled to habeas relief.

*3. Failure to Advise as to NERA Consequences*

Petitioner also argues his plea was invalid as he was not informed of the applicability of NERA to his sentence. The record clearly contradicts this assertion.

The plea form filled out by Petitioner and trial counsel contains a "Supplemental Plea Form for *No Early Release Act (NERA)* Cases." Plea Form at 4. The form states that Petitioner "will be required to serve 85% of the sentence imposed . . . before [he] will be eligible for parole . . . ." *Id.* It further states that the court would be required to impose a five-year period of parole supervision to commence as soon as he was released from incarceration. *Id.* Petitioner signed this form and admitted at his plea hearing that he had reviewed all of the forms. *Id.;* 1T5:5-23. Based on the record before the state courts, the state courts reasonably determined Petitioner was aware the parole ineligibility period and five-year period of parole supervision were consequences of his guilty plea to a NERA offense. 28 U.S.C. § 2254(d)(2). He is not entitled to relief on this basis.

**B. Newly Discovered Evidence**

Petitioner asserted in his PCR petition that the "newly discovered evidence" of the bank's surveillance footage would establish that he did not make a threatening gesture to the bank teller during the robbery.

The PCR Court determined that the surveillance video was not "newly discovered evidence" as appellate counsel mentioned the video on appeal, and "there is no representation, even unsworn representation, that the defendant and/or his trial counsel were unaware of the existence of bank surveillance video at the time of the plea." 4T28:4-10. The court therefore concluded Petitioner could not meet the standard to obtain a new trial on the grounds of newly discovered evidence as he could not establish "that the evidence was discovered after conviction and was not discoverable by reasonable diligence beforehand." 4T28:19-21 (citing *State v. Carter*, 426 A.2d 501 (N.J. 1981)). To the extent Petitioner alleges the PCR court erred by failing to vacate the plea due to newly discovered evidence, the claim is not reviewable by a federal habeas court as it alleges an error of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law." (internal quotation marks omitted)).

To the extent Petitioner attempts to raise an actual innocence claim based on new evidence, he is not entitled to relief. "A petitioner who is asserting his actual innocence of the underlying crime . . . must show it is more likely than not that no reasonable juror would have convicted him in light of the new evidence presented in his habeas petition." *Hubbard v. Pinchak*, 378 F.3d 333, 339 (3d Cir. 2004) (internal quotation

16

marks omitted). Petitioner has not presented any evidence of actual innocence to the Court. In contrast, Petitioner admitted to making the threatening gesture when questioned by his trial counsel, the prosecutor, and the trial court during the plea colloquy. 1T7:23 to 8:1, 8:13-16, 9:4-12. When questioned by the court, Petitioner admitted that he wanted the bank teller to think he had a weapon so that she would give him the money. 1T9:4-9. At sentencing, he repeated his admission that he made a gesture without anyone prompting him. 2T10:2-3. "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). In light of his admission of guilt, and the absence of any evidence, let alone reliable new evidence, to support his assertions of innocence, Petitioner has not presented an actual innocence claim. *See Calderon v. Thompson*, 523 U.S. 538, 559 (1998) ("To be credible, a claim of actual innocence must be based on reliable evidence not presented at trial. Given the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected." (internal quotation marks and citations omitted)). Petitioner is not entitled to habeas relief.

## C. Ineffective Assistance of Counsel

Petitioner raises two claims of ineffective assistance of counsel. He asserts trial counsel was ineffective for failing to

argue mitigating factors at sentencing and for failing to investigate and obtain the bank's surveillance footage. These claims are governed by the *Strickland* standard. Petitioner must first "show that counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). He must then show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Furthermore, "[w]hen a federal habeas petition under § 2254 is based upon an ineffective assistance of counsel claim, '[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable,' which 'is different from asking whether defense counsel's performance fell below *Strickland*'s standard.'" *Grant v. Lockett*, 709 F.3d 224, 232 (3d Cir. 2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011)). "Federal habeas review of ineffective assistance of counsel claims is thus 'doubly deferential.'" *Id.* (quoting *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011)).

*1. Failure to Argue Mitigating Factors*

Petitioner asserts trial counsel was ineffective during sentencing for failing to properly investigate and present mitigating factors. Having carefully reviewed the record, and

18

considering the claims asserted by Petitioner herein, the Court finds that the Appellate Division's decision is not contrary to or an unreasonable application of *Strickland*.[6] Petitioner is therefore not entitled to relief under § 2254(d)(1).

---

[6] The Court is compelled to note that the PCR court imprecisely paraphrased the *Stickland* standard. In reciting the standard, the court stated: "First, the defendant must establish that trial counsel's performance was, in fact, deficient. And, second, the defendant must establish that the outcome of the case *would have been different* were it not for the deficient performance." 4T13:17-21 (emphasis added). *Strickland* only requires that the petitioner establish *a reasonable probability* that the result would have been different. The Appellate Division also stated that "defendant failed to establish that a shorter sentence *would have been imposed* had defense counsel handled the sentencing differently," *State v. Pennington*, No. A-3311-10T4, 2012 WL 3192690, at *4 (N.J. Super. Ct. App. Div. Aug. 8, 2012) (emphasis added); however as the court correctly defined the *Strickland* standard prior to this statement, *id.* at *2, the Court does not conclude the Appellate Division applied the wrong standard of review. "[A]bsent an affirmative indication to the contrary," state courts are presumed to know and follow the law. *Bell v. Cone*, 543 U.S. 447, 456 (2005) (per curiam) (citing *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). Federal habeas courts should not "needlessly create internal inconsistency" in state court opinions. *Holland v. Jackson*, 542 U.S. 649, 654-55 (2004) (holding court of appeals erred by finding state court decision was contrary to *Strickland* when state court previously cited standard correctly and the opinion as a whole indicated correct standard was used). *See also Visciotti*, 537 U.S. at 23-24 (State courts' "occasional shorthand reference to [*Strickland*] standard . . . may perhaps be imprecise, but if so it can no more be considered a repudiation of the standard than can this Court's own occasional indulgence in the same imprecision."); *Sawyer v. Superintendent Muncy Sci*, 619 F. App'x 163, 170 (3d Cir. 2015) ("Most relevant court of appeals decisions agree that where a reading of the state court's opinion as a whole demonstrates that the state court applied the correct legal standard (notwithstanding stray imprecise articulations), the federal habeas court is to defer to the state court's decision."), *cert. denied sub nom. Sawyer v. Smith*, 136 S. Ct. 1173 (2016).

The Appellate Division noted that the sentencing transcript reflected that trial counsel argued for the application of mitigating Factor Two (the defendant did not contemplate that his conduct would cause or threaten serious harm); Factor Four (there were substantial grounds tending to excuse or justify defendant's conduct, though failing to establish a defense); Factor Eight (defendant's conduct was the result of circumstances unlikely to recur); Factor Eleven (imprisonment will entail excessive hardship to defendant or his dependents); and Factor Twelve (willingness of defendant to cooperate with law enforcement authorities). *State v. Pennington*, No. A-3311-10, 2012 WL 3192690, at *2-3 (N.J. Super. Ct. App. Div. Aug. 8, 2012) (citing N.J. STAT. ANN. § 2C:44-1(b)).

The Appellate Division further noted:

> The sentencing court refused to find these mitigating factors. The court determined that mitigating factor two was not applicable because, during the course of the robbery, defendant made a gesture indicating he had a knife. The court said that, while defendant may not have intended to hurt anyone and may not have been in possession of a knife, he nevertheless threatened to inflict serious bodily harm upon the bank's employee.

> The court also determined that mitigating factor four did not apply. The court noted that defendant had several prior convictions arising from his drug use and, as a consequence, he had been incarcerated in state prison. The court also noted that defendant had been sober before but his use of drugs was a voluntary act. Thus, there was no basis to excuse defendant's conduct.

> In addition, the court found that mitigating factor eight was not applicable. The court stated that

defendant's conduct was not the result of circumstances unlikely to recur. The court noted that defendant had been convicted of drug offenses in the past. The court indicated that, in light of that history, it could not be said that the circumstances that led to this offense were unlikely to recur.

The court further determined that mitigating factor eleven was inapplicable. The court stated that, while defendant had a close relationship with his mother, defendant had not presented any evidence indicating that his mother would suffer any excessive hardship upon his incarceration.

The court additionally found that mitigating factor twelve did not apply. The court said that, although defendant confessed to committing the instant offense, there was no evidence that he provided any cooperation to law enforcement with regard to any other persons.

*Id.* at *3–4. The court determined that Petitioner had not set forth a prima facie case of ineffective assistance of counsel under *Strickland*. *Id.* at *4; 4T15:21 to 16:2.

"[A] court's evaluation of an attorney's performance must be 'highly deferential so as to diminish the distorting effects of hindsight.' Thus, 'a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Grant v. Lockett*, 709 F.3d 224, 234 (3d Cir. 2013) (quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984)). The record reflects that trial counsel raised applicable mitigating factors at sentencing, presenting arguments regarding Petitioner's state of mind during the offense, 2T5:1-13; his drug and alcohol addiction, 2T5:14-24; his other medical problems "that caused him to go back into drug

21

use," 2T6:7-14; the unlikelihood of recidivism due to his sobriety, 2T6:19 to 7:3; the fact that his mother was financially dependent on him, 2T7:8-16; and the fact that he freely confessed to the robbery during an investigation into other unrelated bank robberies, 2T7:17 to 8:17. The fact that counsel did not specifically state that the "other health issue" was liver disease does not rise to the level of ineffective assistance.[7] As the Appellate Division found, trial counsel raised all of the mitigating factors Petitioner asserts should have been raised. The state courts reasonably found that trial counsel did not err.

The state courts likewise reasonably concluded Petitioner had not established the prejudice prong of *Strickland*. Petitioner was sentenced to ten years, the shortest sentence possible for a first-degree offense. N.J. STAT. ANN. § 2C:43-6(a)(1). In order to qualify for sentencing as a second-degree offender, the sentencing court must be "clearly convinced" that the "mitigating factors 'substantially outweigh' the aggravating factors and the 'interest of justice demands' a sentencing downgrade." *State v. Pennington*, No. A-3311-10, 2012 WL 3192690,

---

[7] Trial counsel's statements during sentencing that Petitioner discussed with her his health condition, drug use, and relationship with his mother contradicts Petitioner's assertion that trial counsel never discussed mitigating factors with him. *See* 2T5:25 to 6:14, 7:8-16.

at *4 (N.J. Super. Ct. App. Div. Aug. 8, 2012) (quoting N.J. STAT. ANN. § 2C:44-1(f)(2)). The aggravating factors applied to Petitioner's sentence were Factor Three (risk that defendant will commit another offense); Factor Six (extent of defendant's prior criminal record and the seriousness of the offenses of which he has been convicted); and Factor Nine (need to deter defendant and others from violating the law) *Id.* (citing N.J. STAT. ANN. § 2C:44-1(a)). Given these aggravating factors, the applicability of which Petitioner does not contest, the Court cannot say that the Appellate Division unreasonably determined that Petitioner had not satisfied *Strickland*'s prejudice prong. Petitioner is therefore not entitled to habeas relief on this basis.

> *2. Failure to Investigate Surveillance Video*

Petitioner further argues trial counsel was ineffective for failing to investigate the bank's surveillance footage of the robbery.

> The thrust of Defendant's writ is that his constitutional rights to effective assistance of counsel were violated as a result of his attorney having him plead guilty to a first degree crime that was not supported by the facts of the case. Defendant contends that the video tape of the crime would have answered this question; however, his attorney failed to present or review it.

Petition at 2. This ineffective assistance of counsel claim was never presented to the state courts. As with his voluntariness

claim, Petitioner cannot return to the state courts to exhaust this claim.[8] He has therefore procedurally defaulted on this claim, and the Court cannot consider the merits as nothing in the petition establishes either cause and prejudice or a miscarriage of justice. *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000). This claim is therefore dismissed with prejudice as procedurally defaulted.

## D. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of his state court conviction unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

For the reasons expressed above, Petitioner has failed to make a substantial showing that he was denied a constitutional right. As jurists of reason could not disagree with this Court's

---

[8] *See* N.J. Ct. R. 3:22-4, 3:22-12(a)(2),(c).

24

resolution of his claims, the Court shall deny Petitioner a certificate of appealability.

**V.     CONCLUSION**

For the reasons stated above, the habeas petition is denied. A certificate of appealability shall not issue.

An accompanying Order will be entered.


**September 19, 2016**                          **s/ Jerome B. Simandle**
Date                                            JEROME B. SIMANDLE
                                                Chief U.S. District Judge